IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MATTHEW J. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-031 |
| | ) | (Formerly CR 313-008) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Matthew J. Taylor, an inmate at Wheeler Correctional Facility in Alamo, Georgia, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence, along with a motion to proceed *in forma pauperis* ("IFP"). The matter is before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the IFP motion be **DENIED AS MOOT**, the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

I. **BACKGROUND**

On August 7, 2013, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). United States v. Taylor, CR 313-008, doc. no. 1 (S.D.

Ga. Aug. 7, 2013) (hereinafter "CR 313-008"). On December 18, 2013, Petitioner, represented by court-appointed attorney Joseph Marchant, pled guilty to the one charge. Id., doc. nos. 22-24. In exchange for Petitioner's guilty plea, the government agreed to not oppose a recommendation for acceptance of responsibility under U.S.S.G. § 3E1.1(a), move for an additional one level decrease under U.S.S.G. § 3E1.1(b), and consider filing a "substantial assistance" motion for downward departure under U.S.S.G. § 5K1.1. Id., doc. no. 24, pp. 2-3.

Petitioner's plea agreement also included a broad appeal and collateral attack waiver that stated in relevant part:

> . . . [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Id. at 4.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at VI, and Guideline imprisonment range at 151 to 188 months. PSI ¶ 25, 35, 60. On July 1, 2014, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 156 months imprisonment, to be served consecutively to

2

the state terms of imprisonment imposed by the Superior Court of Wilkinson County, Georgia, and the judgment was entered on July 3, 2014. CR 313-008, doc. nos. 31, 32. Petitioner did not file a direct appeal.

Petitioner did not date his signature on the instant § 2255 motion, but the notary's signature on the motion is dated April 13, 2016, and his IFP motion is dated April 29, 2016. (Doc. no. 1, p. 13; doc. no. 2, p. 1.) There is no filing fee required for § 2255 motions. See Rule 3, Rules Governing Section 2255 Proceedings in the United States District Court, 1976 Adv. Comm. Notes ("There is no filing fee required of a movant under these rules."). Therefore, the IFP motion should be **DENIED AS MOOT**. (Doc. no. 2.)

According to the envelope in which the § 2255 motion arrived, it was not mailed from Petitioner's place of incarceration, but rather was mailed on May 12, 2016, from Gordon, Georgia, by Carolyn Taylor. (Doc. no. 1, p. 15.) The Clerk of Court filed the § 2255 motion on May 16, 2016. (Doc. no. 1, p. 1.) Petitioner raises four grounds for relief, alleging three grounds of ineffective assistance of counsel and one ground of sentencing error.

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely.

## II. DISCUSSION

### A. The Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

3

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on July 3, 2014, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). Therefore, even if the Court gives Petitioner every benefit of the doubt and uses as a signature date April 13, 2016, the earliest date appearing anywhere in his papers submitted to the Court, the § 2255 motion was filed more than one-year after his conviction became final in July of 2014. Thus, the § 2255 motion is untimely.

**B.  Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental

miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000,

5

1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not claim innocence of his crime of conviction, but rather faults his attorney for not sufficiently consulting with him and investigating possible defenses, including "prosecutorial corruption from law enforcement." (Doc. no. 1, pp. 4-7.) However, Petitioner offers no details on what those defenses might be. The only explanation Petitioner offers for the untimeliness of his motion is "ineffective assistance of appellant counsel," (<u>id.</u> at 12), but he provides no details and in any event, did not raise such a claim in any of his four grounds for relief.[1]

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and

---

[1] To the extent Petitioner may be attempting to claim his court-appointed attorney should have filed a § 2255 motion for him, there is no automatic constitutional right to counsel in habeas proceedings. <u>See</u> Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

**RECOMMENDS** that the IFP motion be **DENIED AS MOOT**, (doc. no. 2), the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA