IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 MAY 25 A 11: 18

CLERK M. akers
SO. DIST. OF GA.

| | |
|---|---|
| MATTHEW J. TAYLOR, | * |
| Petitioner, | * |
| v. | * CV 316-031 |
| | * (Related CR 313-008) |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

O R D E R

Before the Court is Petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 17.) After careful consideration, the Court **DENIES** Petitioner's motion.

I. BACKGROUND

On August 7, 2013, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (See United States v. Taylor, Case No. 3:13-CR-008 (S.D. Ga. 2014) (the "Criminal Action"), Doc. No. 1.) On December 18, 2013, Petitioner, represented by court-appointed attorney Joseph Marchant, pled guilty to the one charge. (Id., Doc. Nos. 22-24.) On July 1,

2014, Petitioner was sentenced to 156 months imprisonment, to be served consecutively to the state terms of imprisonment imposed by the Superior Court of Wilkinson County, Georgia, and judgment thereon was entered on July 3, 2014. (Id., Doc. Nos. 31, 32.) Petitioner did not file a direct appeal of this judgment.

On May 16, 2016, the Court received Petitioner's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. (Doc. No. 1.) In his Section 2255 petition, Petitioner raised four grounds for relief, namely three grounds of ineffective assistance of counsel and one ground of sentencing error. (Id.) On May 19, 2016, the United States Magistrate Judge conducted an initial review of Petitioner's Section 2255 petition and entered a report and recommendation ("R&R") wherein he recommended, *inter alia*, the dismissal of Petitioner's Section 2255 petition as untimely. (Doc. No. 3.) The deadline to file objections to the R&R passed without response from Petitioner. Accordingly, on June 15, 2016, after a careful *de novo* review of the file, the Court adopted the R&R, dismissed Petitioner's Section 2255 petition as untimely, and denied Petitioner a certificate of appealability (the "Dismissal Order").[1] (Doc. No. 6.)

---

[1] On July 13, 2016, the Court received Petitioner's notice of appeal to the Eleventh Circuit Court of Appeals as to the Order dismissing his Section 2255 Motion. (Doc. No.

2

On April 10, 2017, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) seeking to have the Court set aside the Dismissal Order ("Motion for Relief"). (Doc. No. 15.) On April 20, 2017, the Court denied the Motion for Relief on the grounds that Petitioner had failed to establish that his failure to timely object to the R&R was excusable ("Order Denying Relief").[2] (Doc. No. 16.) On May 16, 2017, Petitioner filed his present motion to alter or amend the Order Denying Relief pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 17.)

## II. DISCUSSION

A party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. FED. R. CIV. P. 59(e). Because reconsideration of a judgment after its entry is an extraordinary remedy which should be

---

10.) On December 19, 2016, the Eleventh Circuit denied Petitioner's motion for a certificate of appealability based on his failure to make the requisite showing. (See Taylor v. United States, Case No. 16-14946-G (11th Cir. Dec. 19, 2016).)

[2] The Court also concluded that, even were the Court to grant Petitioner's Motion for Relief and consider Petitioner's substantive claims as timely objections to the R&R, Petitioner still would not be entitled to relief because Petitioner had failed to demonstrate any reasonable basis for equitable tolling or a finding that a fundamental miscarriage of justice had occurred that would entitle him to untimely petition for habeas corpus relief under Section 2255. (Doc. No. 16, at 6-8.)

3

used sparingly, a movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Bostic v. Astrue, No. 1:12-CV-082, 2012 WL 3113942, at *1 (S.D. Ga. July 31, 2012). A Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," as "the only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations omitted). "Rule 59(e) is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Bostic, 2012 WL 3113942, at *1 (quoting Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996)).

Here, Petitioner has failed to demonstrate newly discovered evidence or manifest errors of law or fact that would justify a finding that the Court should amend or alter its Order Denying Relief. Petitioner attaches to his present motion two exhibits, namely: (1) a letter sent to him from his former counsel dated November 5, 2013; and (2) an affidavit from his mother, Mrs. Carolyn Taylor, regarding alleged coercive influence exercised by the arresting officer over Petitioner and his family. (See Doc. No. 17, at 4-7.) Yet neither of these exhibits constitute "newly-discovered

4

evidence" that could not have been raised prior to the entry of the Order Denying Relief. Petitioner has also failed to articulate any manifest errors of law or fact in the Court's Order Denying Relief that would affect that ruling or otherwise necessitate its reversal. Rather, Petitioner has merely restated the points made in his original Motion for Relief and argued that the Court has erred by "not allowing for the maturation of the arguments supporting [Petitioner's] actual innocence claim." (Doc. No. 17, at 2.) Moreover, as noted by the Court in its Order Denying Relief, even were the Court to grant Petitioner's present motion as well as his original Motion for Relief and consider Petitioner's substantive claims of coercion and threats by the arresting officer as timely objections to the R&R, Petitioner still would not be entitled to relief. (See Doc. No. 16, at 6-8.) Accordingly, his present motion must be denied, his Motion for Relief remains properly denied, and his underlying Section 2255 petition remains untimely.[3]

---

[3] Were the Court to liberally construe Petitioner's present motion as one seeking relief under Federal Rule of Civil Procedure 60(b), Petitioner still would not be entitled to any relief, as he has failed to demonstrate - let alone provide any evidence in support of - any reason justifying relief thereunder. See FED. R. CIV. P. 60(b)(1-6); see also Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("[R]elief under [umbrella "any other reason that justifies relief" clause] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.").

5

### III. CONCLUSION

Upon the foregoing and due consideration, Petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (doc. no. 17) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE