IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 313-008 |
| | * | |
| MATTHEW J. TAYLOR | * | |

O R D E R

On July 1, 2014, this Court sentenced Defendant Matthew J. Taylor to serve 156 months imprisonment upon his plea of guilty to a charge of possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1).  The Court ordered that this term of imprisonment shall run consecutive to "the state terms of imprisonment the defendant is currently serving [in] Wilkinson County, Georgia, Superior Court Docket Numbers 2010CR0052, 2010CR0155, and 2013CR0050."  (See Judgment and Commitment Order, Doc. No. 32, at 2.)

At present, Defendant has filed a motion to modify his sentence.  In particular, Defendant asks this Court to convert his consecutive sentence into a concurrent one.[1]  This Court, however,

---

[1] In reply, Defendant protests to the use of the word "modify," stating that he is "not attempting to change his federal sentence." (Doc. No. 59.)  However, if the Court were to change the federal sentence to run concurrent with the state sentences, it would necessarily change the duration of his total sentence and thus "modify" his term of imprisonment.

does not have the authority to modify a sentence once it has been imposed with three exceptions, none of which apply here. See 18 U.S.C. § 3582(c)(2). The relief requested by Defendant - that is, the conversion of a consecutive sentence to a concurrent one - is a modification to his sentence. Accordingly, the Court is without authority to even consider Defendant's motion; the motion (doc. no. 57) must be **DENIED**.

Moreover and importantly, matters of credit for time served and other length of sentence determinations are better directed to the federal Bureau of Prisons ("BOP") and not this Court. Indeed, the BOP has the power to designate the housing state facility *nunc pro tunc* as the place of federal confinement so that a defendant may gain credit against a federal sentence for the time served in the state facility. However, this is a decision within the discretion of the BOP. Any judicial challenge to the BOP's decision must be brought under 28 U.S.C. § 2241 and is subject to administrative exhaustion requirements. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("The [administrative] exhaustion requirement is still a requirement, it's just not a jurisdictional one."); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (noting that to properly exhaust administrative remedies, a § 2241 petitioner must comply with the BOP's deadlines and procedural rules). Further, a petition for relief under § 2241 must be brought in the district of *confinement*.

2

<u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, once Defendant exhausts his administrative remedies with the BOP, he must bring his § 2241 challenge in the Middle District of Alabama, which has territorial jurisdiction over the facility in which he is presently incarcerated.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of April, 2020.

_____
UNITED STATES DISTRICT JUDGE